**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**ROBERT L. HILL,**

      **Plaintiff,**

**vs.**                                                                 **Case No.: 2:18-cv-944
JUDGE GEORGE C. SMITH
Magistrate Judge King**

**JARED MCGILTON,** *et al.***,**

      **Defendants.**

## **ORDER**

On October 11, 2018, the United States Magistrate Judge issued an *Order and Report and Recommendation* recommending that Plaintiff's Motion for Leave to Proceed In Forma Pauperis be granted and Plaintiff's Complaint be dismissed pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A. (Doc. 3). The parties were advised of their right to object to the *Order and Report and Recommendation*. This matter is now before the Court on Plaintiff's Objections to the *Order and Report and Recommendation*. (*See* Doc. 6). The Court will consider the matter *de novo*. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). However, "verbatim regurgitation of the arguments made in earlier filings are not true objections." *Bushner v. Larose*, No. 5:14CV00385, 2017 U.S. Dist. LEXIS 49451, at *2 (N.D. Ohio Mar. 31, 2017). When an "objection" merely states disagreement with the magistrate judge's suggested resolution, it is not an objection for the purposes of this review. *Cvijetinovic v. Eberlin*, 617 F. Supp. 2d 620, 632 (N.D. Ohio 2008), rev'd on other grounds, 617 F.3d 833 (6th Cir. 2010). The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006), abrogated on other grounds by *Jones v. Bock*, 549 U.S. 199, 127 S. Ct.

910, 166 L. Ed. 2d 798 (2007) (citations omitted). Only specific objections are entitled to de novo review; vague and conclusory objections amount to a complete failure to object as they are not sufficient to pinpoint those portions of the magistrate judge's report and recommendation that are legitimately in contention. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citation omitted). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380).

In his objections, Plaintiff presents the same arguments previously presented to and considered by the Magistrate Judge in the *Order and Report and Recommendation*. Plaintiff objects to the Magistrate Judge's findings on the issues of due process at the RIB hearing, the disciplinary action resulting from the RIB hearing, and meaningful appeal. However, the Magistrate Judge's conclusions are

The Court has carefully considered Plaintiff's objections, however, the Court finds that the Magistrate Judge's conclusions, with respect to Plaintiff's arguments, are correct. Therefore, for the reasons stated above and as set forth in detail in the *Order and Report and Recommendation*, this Court finds that Plaintiff's objections are without merit and are hereby **OVERRULED**.

The *Order and Report and Recommendation,* Document 3, is **ADOPTED** and **AFFIRMED.** Plaintiff's Complaint is hereby **DISMISSED** for failure to state a claim.

The Clerk shall remove Documents 3 and 6 from the Court's pending motions list. The Clerk shall terminate this case.

**IT IS SO ORDERED**.

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**